UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 09-70-GWU

ROBERT R. CAUDILL, PLAINTIFF,

VS. **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of his applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The appeal is currently before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Commissioner is required to follow a five-step sequential evaluation process in assessing whether a claimant is disabled.

1. Is the claimant currently engaged in substantial gainful activity? If so, the claimant is not disabled and the claim is denied.

2. If the claimant is not currently engaged in substantial gainful activity, does he have any "severe" impairment or combination of impairments--i.e., any impairments significantly limiting his physical or mental ability to do basic work activities? If not, a finding of non-disability is made and the claim is denied.

3. The third step requires the Commissioner to determine whether the claimant's severe impairment(s) or combination of

1

    impairments meets or equals in severity an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of Impairments).  If so, disability is conclusively presumed and benefits are awarded.

4. At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work.  If so, the claimant is not disabled and the claim is denied.  If the plaintiff carries this burden, a prima facie case of disability is established.

5. If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997).

  Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

09-70  Robert R. Caudill

One of the issues with the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. § 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

09-70  Robert R. Caudill

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

4

Step four refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category

09-70  Robert R. Caudill

if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance

6

on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The plaintiff, Robert R. Caudill, was found by an Administrative Law Judge (ALJ) to have a "severe" impairment due to lumbar degenerative disc disease. Nevertheless, the ALJ determined that the plaintiff retained the residual functional capacity for a full range of "light" level exertion, and proceeded to apply Rule 202.18 of the Commissioner's Medical-Vocational Guidelines (the "grids") applicable to a person of his age of 46, "limited" education, and work experience, which directs a conclusion of "not disabled."  (Tr. 14).  The Appeals Council declined to review, and this action followed.

The plaintiff, who was not assisted by an attorney or other representative at the administrative level, argues on appeal that the ALJ failed to follow the Commissioner's guidelines in determining that he was able to make an informed choice to waive representation.  In addition to this determination, the plaintiff maintains that the regulations then require that the ALJ obtain a written waiver of the plaintiff's right to representation or a statement on the record, citing the defendant's Hearings, Appeals and Litigation Law Manual (HALLEX) §§ I-2-6-52; I-2-6-98.

7

09-70 Robert R. Caudill

The ALJ stated in his decision that Mr. Caudill was informed of his right to representation, but he chose to appear and testify without the assistance of an attorney or other representative. (Tr. 8). However, there is no written waiver in the court transcript, and the transcript of the oral hearing does not reflect a waiver made on the record. Thus, there is no real dispute that the procedures in HALLEX were not followed.

There is a split among the Circuits on the issue of whether the Commissioner's failure to follow a provision of HALLEX is reversible error. The Ninth Circuit has found that HALLEX is purely an internal manual and as such has no legal force and is not binding. Moore v. Apfel, 216 F.3d 864, 868 (9th Cir. 2000). The Fifth Circuit takes the view that although HALLEX does not carry the force of law, an agency must follow its own procedures where the rights of individuals are affected. Newton v. Apfel, 209 F.3d 448, 459-60 (5th Cir. 2000). In the absence of a definitive ruling from the Sixth Circuit, the court declines to find that a failure to follow the exact procedures in HALLEX requires reversal absent a convincing showing of prejudice to the plaintiff. This approach is consistent with Sixth Circuit cases discussing unrepresented plaintiffs such as Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983) and Duncan, supra, 801

F.2d at 855.[1] The Sixth Circuit has held that the mere fact that a claimant was unrepresented is not grounds for reversal. Holden v. Califano, 641 F.2d 405, 408 (6th Cir. 1981). While the ALJ has a special duty to ensure that a full and fair administrative record is developed where a claimant is not represented, reversal of the decision is only appropriate where the plaintiff can show he was prejudiced. Duncan, 801 F.2d at 855 ("Duncan has not suggested, and we are unable to determine, what possible further information could have been brought forth at the hearing which would have enhanced a determination of disability.") See also Born v. Secretary of Health and Human Services, 923 F.2d 1168, 1172 (6th Cir. 1990).

In the present case, the plaintiff does not even allege that the ALJ's questioning at the hearing was inadequate. Regarding the evidence presented, the plaintiff, despite his limited education, had obtained office notes from his treating physician prior to the hearing, and discussed submitting additional records to the ALJ. (Tr. 20, 24). The ALJ considered the treating physician records and obtained a consultative examination by Dr. Mark Burns, including a lumbar spine x-ray.[2] State agency sources reviewed most of the evidence that was submitted and limited the

---

[1] The brief of the plaintiff does not argue in so many words that the ALJ failed to conduct a full and fair hearing, the issue in Lashley and Duncan. The brief focuses on the procedural violation of HALLEX, but concludes with a suggestion that a competent representative would have developed the record to a greater extent. Thus, Lashley and Duncan are analogous cases.

[2] Neither the examination nor the x-ray showed abnormalities. (Tr. 189-94).

09-70  Robert R. Caudill

plaintiff to "medium" level exertion with occasional climbing of ladders, ropes and scaffolds, based on objective clinical findings of a decreased range of motion in the lumbar spine and a reference to an MRI showing degenerative disc disease. (Tr. 174, 178, 196-202, 242-8). The ALJ gave the plaintiff the benefit of the doubt in reducing his exertional level to "light." (Tr. 12). The only prejudice suggested by the plaintiff on appeal is that "a competent representative would most likely have attempted to obtain a treating source statement." If such a treating source statement had been submitted along with the plaintiff's brief, and it had shown greater restrictions than found by the ALJ, this argument would be more persuasive. Without such a showing, the argument is speculative and falls far short of showing that the plaintiff was prejudiced.

The ALJ's functional capacity finding is clearly supported by substantial evidence. The decision will be affirmed.

This the 14th day of January, 2010.



Signed By:
<u>G. Wix Unthank</u>
United States Senior Judge